UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                          Case No.  3:12-cv-95

v.                                      Judge Timothy S. Black

FESUM OGBAZION, *et al.,*

      Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO STAY (Doc. 28)**

This civil action is before the Court on Defendants' motion to stay (Doc. 28), and the parties' responsive memoranda (Docs. 29, 34).

## I.    BACKGROUND FACTS AND PROCEDURAL POSTURE

The United States government initiated this civil action for permanent injunction with a complaint alleging that the Defendants[1] have been engaged in pervasive fraud in connection with their nationwide tax preparation and lending operations.  The Government alleges that Defendants not only defraud the U.S. Treasury, but also Defendants' own customers – most of whom are unsophisticated, low-income taxpayers. (Doc. 1).   In response, Defendants claim that the tone and specific allegations of the complaint, combined with the Government's refusal to acknowledge whether Defendants are under criminal investigation, unfairly hinders the Defendants' abilities to mount a defense in this civil action.

---

[1]  Defendants include ITS Financial, LLC; TCA Financial, LLC; Fesum Ogbazion, and Tax Tree, LLC.

## II.    STANDARD OF REVIEW

A stay of civil proceedings due to a pending criminal investigation is "an extraordinary remedy." *Louis Vuitton v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012).

The Supreme Court has expressly recognized that the federal government may "simultaneously or successively" institute a "criminal proceeding to punish violations [of the law], and suits in equity to restrain such violations." *Standard Sanitary Manuf. Co. v. United States*, 226 U.S. 20, 52 (1912).   Nonetheless, the district courts possess discretion whether to stay civil litigation in deference to parallel criminal proceedings. *McCullaugh v. Krendick*, No. 5:07cv2341, 2009 U.S. Dist. LEXIS 87849, at *1 (N.D. Ohio Sept. 9, 2009).  The factors that guide this court's discretion in such circumstances are:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*McCloskey v. White*, No. 3:09cv1273, 2011 U.S. Dist. LEXIS 19877, at *1 (N.D. Ohio Mar. 1, 2011).

## III.    ANALYSIS

Of the six factors, only two weigh in favor of a stay.  And the most compelling factors weigh against issuing a stay.

The <u>first factor</u> in considering a stay is whether there is overlap between the criminal proceeding and the civil case.  Obviously, the Government concedes that "the extent to which the issues in the criminal investigation overlap with those presented in the civil case" – weighs in favor of a stay; but the Government also asserts that "[n]otably, the extent to which the issues in the criminal investigation overlap with those presented in the civil case is the only factor that weighs in favor of a stay."  (Doc. 29 at 9, fn 1).

The <u>second factor</u> in considering a stay is the status of the cases.  Because staying a civil case pending resolution of a criminal matter is such an "extraordinary" measure, courts ordinarily enter a stay only "when related criminal proceedings are imminent or pending." *Louis Vuitton*, 676 F.3d at 98.  Here, there is no evidence that an indictment is imminent in the instant case.  Moreover, this Court was unable to locate any case law where a defendant succeeded in staying a civil *injunction* action brought by the Government at the pre-indictment stage.[2]

The <u>third factor</u> in considering a stay is Plaintiff's interest in an expeditious resolution of its case.  Here, the Plaintiff is the United States, seeking to protect taxpayers, and it has pending a motion for preliminary injunction, and it seeks per rule an expeditious resolution before the end of this year and the onset of tax preparation season. The third factor supports the Plaintiff.

---

[2]  This Court does acknowledge that it has discretion to stay a civil litigation, even without an indictment.  *See, e.g., Am. Motorists Ins. Co. v. Bridger Pub Sch*. Dist. #2, No. 06-124, 2007 U.S. Dist. LEXIS 30140, at *2-3 (D. Mont. Apr. 24, 2007) (granting stay and noting that "[i]t is still possible . . . to obtain a stay, even though an indictment has not yet been returned" where there is a parallel criminal investigation).

The <u>fourth factor</u> in considering a stay is the burden on the Defendants.  Here, the Defendants complain that they would be forced to relinquish their protected Fifth Amendment right(s) against self incrimination by testifying in this civil case.  However, Defendants do not have "an absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Rothstein v. Steinberg*, No. 5:08cv673, 2008 U.S. Dist. LEXIS 107989, at *4 (N.D. Ohio Dec. 23, 2008).  Thus, this fourth factor is not absolute, and it does support a finding that a stay should be granted where the other factors weigh against a stay.  *Id.; see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (stay is not appropriate "even though the pendency of the criminal action 'force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit.'").

It is also important to note that the four Defendants comprise one individual and three companies.  It is well settled that companies posses no Fifth Amendment rights. *United States v. White*, 322 U.S. 694, 698 (1944) ("The constitutional privilege against self-incrimination is essentially a personal one, applying only to natural individuals"). Accordingly, the three corporate Defendants cannot seek to stay litigation against them based on rights they do not possess.  *IBM v. Brown*, 857 F.Supp. 1384, 1389-1390 (C.D. Cal. 1994) ("Even if it were a sufficient basis for a stay, there is no real Fifth Amendment issue here.  The corporate defendants . . . enjoy no Fifth Amendment privilege.").

Defendants argue that if Defendant Ogbazion asserts his Fifth Amendment privilege, the three remaining Defendants "will have little to offer in their own defense and hence will be prejudiced by both the inability to defend themselves adequately and an adverse inference" from Ogbazion's refusal to testify.  *Stamile v. Cnty. of Nassau*, No. 10-2632, 2011 U.S. Dist. LEXIS 18607, at *11 (E.D.N.Y. Jan. 31, 2011).[3]

On balance, in light of the fundamental nature of the Fifth Amendment privilege, the Court finds that the fourth factor weighs in favor of a stay.

The <u>fifth factor</u> in considering a stay is the interests of the courts in granting or not granting the stay.  Defendants maintain that if the case is not stayed, there will be constant disputes over the boundaries of discovery.  (Doc. 34 at 10-11).  While this Court would certainly like (and expect) to avoid expending significant time and resources mediating discovery disputes, given the serious competing interests (the Government's allegations and Defendant's Fifth Amendment rights), the Court finds that the potential for discovery disputes does not weigh in favor of a stay.

---

[3] *Stamile* is cited multiple times by Defendants in support of their argument.  However, the facts in *Stamile* are significantly different from the facts of the instant case.  Most notably, the civil action at issue in *Stamile* did not involve injunctive relief, nor was there the threat of serious public harm if the civil action was stayed.  Additionally, a felony complaint had already been filed against the defendant, and a Grand Jury had taken action on the matter as well.  *Id*. at 16.  Furthermore, the Court held that "very little prejudice, if any, accrues to Plaintiffs by staying this action until the resolution of the criminal matter against Defendant."  *Id.* at 20.  Conversely, this Court focuses its analysis on the prejudice that will accrue to Plaintiff, specifically the Treasury and taxpayer customers, if this case is stayed.

The <u>sixth factor</u> in considering a stay is whether the public interest supports or counsels against imposing a stay.

The United States brought this action "pursuant to its statutory mandate to protect the public and the Treasury from Defendants." *United States v. Rogers*, No. 10-C-7068, 2011 U.S. Dist. LEXIS 63224, at *5 (N.D. Ill. June 15, 2011). Congress has granted the courts broad power to issue orders necessary to enforce the internal revenue laws and prevent any conduct that interferes with administration of those laws, including the power to enjoin federal tax return preparers and those who aid and assist tax return preparers from continuing to operate. *See* 26 U.S.C. §§ 7402, 7408. Conduct that Congress deems so offensive that it can be permanently enjoined inherently "require[s] prompt civil enforcement which can not await the outcome of a criminal investigation." *S.E.C. v. First Fin. Group of Texas, Inc*., 659 F.2d 660, 667 (5th Cir. 1981).[4]

The public interest is served when fraudulent and misleading commercial practices are stopped. Defendants here are <u>allegedly</u> engaged in conduct that directly harms the public, such as selling false and deceptive loan products to unsophisticated and low income individuals, filing tax returns without customer authorization, charging customers exorbitant and outright phony fees, and filing false and fraudulent tax documents. (Doc. 1). Such unlawful conduct would give Defendants an unfair competitive advantage over

---

[4] *See also S.E.C. v. Dresser Indus. , Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (court should stay a case only "[i]f delay of the noncriminal proceeding would not seriously injure the public interest."); *FTC v. J.K. Publ'ns, Inc.*, 99 F.Supp. 2d 1176, 1197 (C.D. Cal. 2000) (finding FTC would be prejudiced by further delay and that the "cardholder-victims' interests . . . weigh against a stay.").

tax return preparers who obey the law. The public interest is served by maintaining the integrity of the federal tax system and insuring that the proper taxes are collected. *Bull v. United States*, 295 U.S. 247, 259 (1935).[5]

Defendants argue that there are other significant public interests at play – namely, protecting constitutional rights, ensuring the fair administration of criminal justice, and maintaining the integrity of the criminal process. *Stamile*, 2011 U.S. Dist. LEXIS 18697 at \*24-25 (The public "'interest in the fair administration of criminal justice is clearly high' and is served by 'preserving the integrity of the criminal case.'"). While the Court acknowledged these rights as part of the fourth factor, ultimately the Court finds the public interest to be so significant as to outweigh the burden on Defendants.

## IV.    CONCLUSION

Accordingly, after consideration of each factor, as well as consideration of the issue presented as a whole, the Court concludes that the facts and law weigh against imposing a stay. Therefore, Defendants' motion to stay (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Date:  9/24/12                                  *s/ Timothy S. Black*
                                                Timothy S. Black
                                                United States District Judge

---

[5]  *See, e.g., Louis Vuitton*, 676 F.3d at 103 (affirming the trial court's denial of a request to stay the civil case because, among other things, a stay would harm "the public's interest in prompt further protection . . . from what the evidence before the district court [in that case] suggested likely was a counterfeiting enterprise.").