IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:12-cv-95 |
| | ) | |
| FESUM OGBAZION; | ) | The Honorable Timothy S. Black |
| ITS FINANCIAL, LLC; | ) | |
| TCA FINANCIAL, LLC; and | ) | |
| TAX TREE, LLC | ) | |
| Defendants. | ) | |

## STIPULATED ORDER FOR PRELIMINARY INJUNCTION
## AGAINST FESUM OGBAZION, ITS FINANCIAL LLC,
## TCA FINANCIAL LLC, AND TAX TREE LLC

Plaintiff, United States of America, and Defendants Fesum Ogbazion, ITS Financial, TCA Financial and Tax Tree, stipulate and agree as follows:

A. Pursuant to its civil law enforcement authority under 26 U.S.C. (I.R.C.) §§ 7402 and 7408, the United States of America filed a Complaint for Permanent Injunction and Other Relief against Fesum Ogbazion, ITS Financial, TCA Financial and Tax Tree ("Defendants") on March 28, 2012.

B. The United States ultimately seeks to permanently enjoin Defendants from owning or operating any tax-preparation business and from offering loan products to the public. Defendants deny the allegations in the complaint and oppose the permanent relief the United States seeks. Nevertheless the parties have agreed to the terms of this preliminary injunction that will, subject to court approval, be entered immediately and remain in force pending a full trial on the merits or until further order of this Court. Trial in this case is scheduled to commence on May

1

9155825 1

20, 2013. This preliminary injunction is binding on the parties for the duration of this litigation only and does not constitute a settlement of or final resolution of the underlying case or admission of liability or wrongdoing.

C. This Court has personal jurisdiction over them pursuant to 28 U.S.C. §§ 1340 and 1345, and subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7408(a), for purposes of this preliminary injunction.

I. **IT IS HEREBY STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from engaging in any conduct subject to penalty under 26 U.S.C. § 6701, and from:

   A. Knowingly and improperly aiding, instructing, assisting, encouraging, enabling, or advising (or supervising or managing others who improperly aid, instruct, assist, encourage, enable, or advise) customers to avoid the assessment or collection of their federal tax liabilities or to claim improper tax refunds;

   B. Knowingly organizing, promoting, providing, advising, or selling (or supervising or managing others who organize, promote, provide, advise or sell) business or tax services that facilitate or promote noncompliance with federal tax laws.

II. **IT IS FURTHER STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from:

2

A. Offering any loan or refund advance product to their customers (either directly or through a third-party) that violates any lending, tax, or consumer protection laws.

B. Knowingly misleading customers as to whether Defendants (either directly or through a third-party) offer a loan or refund advance product, if in fact they do not.

C. Misrepresenting the terms, loan amounts, eligibility, and fees or costs associated with any refund loan to any customer.

D. Offering any refund loan or advance product that is not a RAL product as defined in Section E below. Non-RAL products include paystub, holiday or Instant Cash loans or advance products, which are offered to customers in connection with or using information obtained from the customer's paystub and not a genuine W-2 issued by the customer's employer.

E. Defendants may offer a Refund Anticipation Loan ("RAL") product (as defined in IRS Pub. 1345) only through a genuine, third party lender. The RAL product may only be offered using information from genuine W-2s and not paystubs, and must comply with all federal laws, including but not limited to the Equal Credit Opportunity Act, and the Truth in Lending Act ("TILA"). Specifically, the RAL program shall require franchisees to provide accurate TILA disclosures to all program applicants and written Notification of Adverse Action to all applicants who are denied a RAL, whether or not TILA or ECOA is applicable to the program. The RAL program must also fully comply with all applicable state laws where it is offered, including but not limited to all licensing, registration, disclosure, finance, lending, usury, and consumer protection laws.

   1. Defendants may offer a refund loan or advance product only through a genuine third party lender who is not affiliated with or owned, controlled, or operated by Defendants, ITS Financial LLC, TCA Financial LLC, Tax Tree LLC, or any individual who is an owner, an executive, officer, or employee of ITS Financial LLC, TCA Financial LLC, or Tax Tree LLC. Defendants shall have no ownership interest in the third-party lender, no interest in the profits or fees of the third-party lender, no exclusivity agreement with the third-party lender, and shall have no authority over the lending, business, or management decisions of the third-party lender. Provided, however, that Defendants may provide informational, logistical, and other support to the third-party lender, including, but not limited to, guaranteeing any loans to Defendants' tax preparation customers and guaranteeing any obligations of the third-party lender to secure financing for the third-party lender's refund loan or advance products. Further, Defendants' transmission to a third-party lender of fees charged by or owed to the

third-party lender will not constitute affiliation, ownership, control or operation by Defendants (or anyone who is an owner, an executive, officer, or employee of Defendants) of the lender."

2. The third party lender must be sufficiently capitalized to meet the reasonably foreseeable capital requirements of the RAL program.

3. In order to ensure that the RAL product does not create an environment that allows or promotes unauthorized tax return filings, undisclosed fees, or paystub return filings, ITS shall require its Franchisees:

    i. To have the customer's W-2 in hand at the time the RAL application is taken;

    ii. To scan the W-2 and transmit the electronic copy to ITS at the time of the RAL application; and

    iii. To scan the signed 8879 form and fee authorization forms and transmit the electronic copies to ITS corporate at the time of the RAL application.

4. ITS shall have the scans outlined in the preceding paragraphs randomly reviewed by an outside auditor to ensure compliance (as detailed further below), and will retain copies of the scans for at least five years.

5. Defendants shall require in their contract with any third party lender that the lender comply with all lending laws, including a requirement that the approval/denial criteria do not violate the Equal Credit Opportunity Act. The RAL application shall include a clear and conspicuous disclosure to customers notifying them of primary criteria that affect the RAL decision. The disclosure shall be in a form agreed to by the parties. Defendants are enjoined from processing applications for loan or refund advance products from customers who will be automatically denied.

6. Defendants will insure that all customers who apply for a RAL and whose tax return is prepared by and will be filed by Defendants or a franchisee will sign a form that clearly indicates that the customer is granting the franchisee permission to file their return. The authorization form will be in a form agreed to by the parties.

F. Nothing in this Order shall prohibit Defendants (or their affiliates) from offering Refund Transfer products (also known as Refund Checks) that have no loan or advance component and that otherwise comply with all federal and

4

9155825.1

state laws. Provided, however, that Defendants are required to clearly disclose to customers who apply for a Refund Transfer product, on a separate form agreed to by the parties, that they are not applying for a RAL product.

III. **IT IS FURTHER STIPULATED, AGREED AND ORDERED**, pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from:

A. Allowing, encouraging, directing, instructing, assisting, or advising franchisees to use paystubs to prepare and file any tax return in lieu of a genuine Form W-2 issued by the customer's employer.

B. Knowingly allowing, encouraging, directing, instructing, assisting, or advising franchisees to: (a) obtain executed forms, including Forms 8879, from customers authorizing the electronic filing of a customer's tax return before franchisees have first obtained all documentation required for preparation of the tax return, including all Forms W-2 and 1099, and have prepared the return and had the customer review the return; (b) cause or permit any document, including tax forms, to bear a signature date other than the date that the signatory actually signed the document; (c) create false or purported Forms W-2 using customer paystubs or other information, either through Instant Tax Service's tax return preparation software or through any other means.

C. Knowingly encouraging, directing, instructing, assisting, or advising franchisees to prepare and file tax returns without proper forms as required by I.R.S. Pub. 1345.

   1. Defendants shall issue instructions to all franchisees instructing them not to use paystubs to prepare and file any tax return and stating that doing so violates the law, and will result in termination of their franchise agreement. The instructions will be drafted by Defendants and submitted to the Government for approval prior to being issued to the franchisees.

   2. Defendants shall further require all franchisees to scan the customer's W-2 to be transmitted to Defendants for each tax return filed.

9155825.1

IV. **IT IS FURTHER STIPULATED, AGREED AND ORDERED**, pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from:

A. Charging unconscionable fees as described in I.R.S. Circular 230 § 10.27, in connection with either the RAL product or Defendants' (or their franchisees') tax preparation services.

B. Charging fees, either directly, or knowingly through their franchisees for: (a) services that are not performed or for items that do not exist (including, for example, fees described as or substantially similar to Service Bureau fees); and (b) that, in total, exceed the sum disclosed to the customer as provided in Section B.1. below, and agreed to by the customer prior to the filing of each tax return.

   1. Defendants shall require all franchisees to have each customer sign a Fee Disclosure Form agreed to by the parties. The Fee Disclosure Form shall be scanned and transmitted to ITS at or before the time the tax return is filed. Defendants (or their franchisees) shall not charge any fees other than those set forth on the Fee Disclosure Form.

V. **IT IS FURTHER STIPULATED, AGREED AND ORDERED**, pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from knowingly providing, transferring, distributing or sharing (or helping others provide, transfer, distribute or share) IRS Electronic Filing Identification Numbers (EFINs) to others who are not authorized to use those EFINs.

VI. **IT IS FURTHER STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from encouraging, directing, instructing, assisting, or advising franchisees to file tax returns without customer authorization.

   A. Defendants shall issue instructions to all franchisees instructing them that filing tax returns without customer authorization violates the law, and will result in termination of their franchise agreement. The instructions will be drafted by Defendants and submitted to the Government for approval prior to being issued to the franchisees.

   B. Defendants shall further require all franchisees to scan a signed customer authorization form (to be agreed upon by the parties) and transmit that form to Defendants for each tax return filed.

VII. **IT IS FURTHER STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from:

   A. Knowingly encouraging, directing, instructing, assisting, or advising franchisees to: (a) prepare Schedule Cs without proper documentation and due diligence; (b) falsify any tax form or tax document, or falsify any due diligence documentation; (c) fail to retain any document required that substantiates the Schedule C.

      1. Defendants shall further require all franchisees to scan all Schedule C substantiation provided by any customer, and to use and scan due diligence forms agreed upon by the parties for all Schedule Cs.

2. All scanned Schedule C documentation shall be transmitted to Defendants for each tax return filed that contains a Schedule C.

B. Knowingly encouraging, directing, instructing, assisting, or advising any franchisees to violate I.R.C. § 6695 or Treas. Reg. § 1.6695-2, including by failing to retain copies of all documents provided by the taxpayers relied upon by the preparer to complete Form 8867 (or successor form) or the EIC Worksheet (or other record of the preparer's EIC computation).

**VIII. IT IS FURTHER STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from:

A. Knowingly allowing, encouraging, directing, instructing, assisting, or advising franchisees to file tax returns that have improper claims for tax credits or claims for deductions.

B. Violating I.R.C. § 6695(f) and applicable regulations.

C. Further using, distributing or recommending the ITS Financial "IRS Audit Guide." Defendants are enjoined from instructing or encouraging franchisees to tell government personnel false information.

**IX. IT IS FURTHER STIPULATED, AGREED AND ORDERED,** pursuant to I.R.C. §§ 7402 and 7408, that Defendants and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, family members and/or any person, are **PRELIMINARY ENJOINED**, directly or indirectly, by use of any means or instrumentalities, from operating without a third-party monitoring system to audit franchisees' compliance with the requirements of this order. The monitoring system must be

administered by a neutral third-party monitor ("Auditor") and shall include the

following provisions:

A. The Auditor shall be a neutral, third-party certified public accountant (individual or firm) who shall be compensated by Defendants, and shall be approved by a representative designated by the United States Department of Justice.

B. Monitoring shall be performed from the earlier of January 14, 2013 or the first day Defendants begin accepting RAL applications, and shall continue until April 15, 2013.

C. The Auditor may inspect any books and records to ensure that the program complies with all terms of the injunction order. The Auditor shall also randomly select, inspect and review 3% of all RAL applications and 3% of all tax returns on a daily basis (which Defendants may provide in electronic format), including all attachments and documents required to be transmitted to Defendants pursuant to Section II. As part of this review, the Auditor shall verify whether there is a valid: Form W-2, Form 8879, TILA disclosure, Authorization to File form, Fee Disclosure form, and, if applicable, and Schedule C documentation.

   1. The Auditor's review must include 3% of the RAL applications and 3% of the tax returns processed on each day, and the review must be completed within seven business days of either processing the RAL application or filing the tax return.

   2. Defendants must also promptly provide the Auditor with all information needed to conduct truly random, statistically valid samples.

   3. The remaining details of the Auditor's review shall be agreed to by the parties, including the requirement to review a randomly selected 3% of the Notifications of Adverse Action issued to taxpayers, which shall be incorporated into the Auditor's Final Report.

D. Defendants shall also engage a neutral, third-party "secret shopper" company that shall perform visits to Defendants' franchisees as outlined in a separate agreement by the Parties, to ensure substantiation and compliance with this preliminary injunction. The "secret shopper" company shall be compensated by Defendants, and shall be approved by a representative designated by the United States Department of Justice.

9155825 1

1. Defendants shall provide the "secret shopper" company with all information needed to conduct random visits and otherwise perform its duties.

2. The results of the "secret shopper" review shall be made available to the IRS, the Department of Justice, the Defendants, and the Auditor to incorporate into its report.

E. Defendants shall execute all necessary consent forms required under 26 U.S.C. § 6103 for the I.R.S. or Department of Justice to communicate directly with the Auditor / neutral monitor and "secret shopper" company.

F. The Auditor shall provide an interim written report to the designated representatives of the United States at the end of each month during which Defendants or Defendants' franchisees prepare tax returns or process RAL applications (*i.e.*, on January 31, February 28, and March 31), including the results of the review, the identity of any customers whose loan applications or tax returns fail to comply with the terms of this Order, and the identity of those tax return preparers who prepared any non-compliant returns, as well as the amount of fees or other amounts charged to each customer, and any other findings. The Auditor shall provide the United States with a final written report reflecting the foregoing on April 30, 2013.

X.   **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants shall send a copy of this Order to all of their franchisees by overnight mail, certified mail, or electronic mail with a receipt acknowledgement that states "I have received a copy of the ITS Financial Injunction Order and have read it." Defendants also shall prominently post a link to a PDF of this Order on the front/main page of any and all websites they own or maintain. The link shall include a legible image of the first page of this Stipulated Order with the text "Stipulated Order for Preliminary Injunction" (and no other language), also linking to the Stipulated Order, which shall be located immediately beside the image of the Stipulated Order in 12 pt. Times New Roman font. The link will be located near, and the image link will be no smaller than the current link for "Inc. 500" magazine located at www.instanttaxservice.com. Further, the links will be

10

similarly situated on the front/main page of any and all other websites if Defendants own or operate any additional websites.

A. Defendants also shall issue instructions to all of their franchisees instructing them that all violations of this injunction order or the foregoing requirements will be reported to representatives designated by the Internal Revenue Service and the U.S. Department of Justice (the "Government's Representatives"), and that a material failure to comply with these requirements will result in termination of their franchise agreement. The instructions will be drafted by Defendants and submitted to the Government for approval prior to being issued to the franchisees.

B. Defendants shall report all violations of this injunction order or the foregoing requirements to the Government's Representatives within 14 days of identifying a violation, and shall terminate the franchise agreement of any franchisee who materially fails to comply with these requirements. Provided, however, that Defendants shall not be required to terminate the franchise agreement of a franchisee whose violation is *de minimis* in nature and the result of good faith error. The United States will investigate all such reports and, if the circumstances so warrant, will recommend that appropriate action be taken, which may include but is not limited to: (1) the imposition of civil penalties and fines; (2) civil injunctive action; (3) revocation and termination of all EFINs associated with the franchisee; and (4) referral for criminal enforcement.

XI. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that in addition to the monitoring provisions above, Defendants will run daily "Red Flag Reports," to look for tax preparation and loan activity by franchisees that is suspicious or might constitute a violation of this injunction order. The Red Flag Report shall separately list the information by franchisee as well as return preparer, and shall show the number and percentage of tax returns reporting credits, deductions and losses, including but not limited to: (1) Schedule C income; (2) amount and type of Schedule A deductions; (3) Earned Income Tax Credits; (4) Education credits; and (5) other refundable credits. Defendants will investigate any suspicious or potentially improper activity and will promptly

11

report it to the United States' Representatives and to the neutral monitor. Defendants also will monitor, investigate and report to the United States' Representatives any consumer complaints made to State Attorneys General offices or to any Better Business Bureau office.

XII.  **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that the United States shall be permitted to engage in discovery during and following the monitoring period in accordance with the Federal Rules of Civil Procedure to ensure compliance with this preliminary injunction.

9155825 1

Consented to and submitted by,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division
United States Department of Justice

/s/ Nathan E. Clukey
NATHAN E. CLUKEY
  (D.C. Bar No. 461535)
SEAN M. GREEN
  (D.C. Bar. No. 978858)
RUSSELL J. EDELSTEIN
  (MA Bar No. 663227)
JOSE A. OLIVERA
  (CA Bar. No. 279741)
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 616-9067
Facsimile: (202) 514-6770
nathan.e.clukey@usdoj.gov

COUNSEL FOR PLAINTIFF

FESUM OGBAZION    Date 10.26.12
Defendant

ITS FINANCIAL LLC    Date 10.26.12
Defendant

TCA FINANCIAL LLC    Date 10.26.12
Defendant

TAX TREE LLC    Date 10.26.12
Defendant

/s/ Thomas P. Whelley II
THOMAS P. WHELLEY II
  (0010493)
SUSAN D. SOLLE
  (0071269)
1100 Courthouse Plaza, SW
10 N. Ludlow Street
Dayton, Ohio 45402
Telephone: (937) 449-2800
Facsimile: (937) 449-2836
thomas.whelley@dinsmore.com

COUNSEL FOR DEFENDANTS

**IT IS SO ORDERED**

    Signed this 29TH day of October, 2012.

    Timothy S. Black
    TIMOTHY S. BLACK
    United States District Judge

13

9155825.1