UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cv-95 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| FESUM OGBAZION, *et al.*, | : | |
| Defendants. | : | |

### ORDER DENYING DEFENDANTS' PARTIAL MOTION
### FOR SUMMARY JUDGMENT (Doc. 44)

This civil action is before the Court on Defendants' Motion for Partial Summary Judgment (Doc. 44) and the parties' responsive memoranda (Docs. 51 and 53).

The gist of Defendants' motion is that federal law only permits this Court to enjoin conduct in violation of internal revenue laws and does not permit an injunction to shut down Defendants' business (the "business death penalty"). As a corollary, Defendants argue that they are innocent franchisors, and certainly not tax preparers, as they did not directly assist in the preparation or presentation of a tax document, their franchisees are not their subordinates, and Defendants had no actual knowledge of any franchisee's fraud. The gist of the Government's response is that the case needs to be resolved at trial, upon a full hearing of the facts, and that the Court has broad power and discretion in fashioning injunctive relief upon proof of liability, including the ability to impose the business death penalty upon all named Defendants.

## I. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A moving party is entitled to point to a lack of evidence to support the facts its opponent must prove to carry its burden of proof as a basis for summary judgment. *Celotex,* 477 U.S. at 325.

The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Id.* at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson, supra*, 477 U.S. at 248. It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Matsushita, supra*, 475 U.S. at 586). Instead, the nonmoving party must show that "the evidence presents a sufficient disagreement to require submission to a jury." *Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010) (citing *Anderson, supra*, 477 U.S. at 252-52).

## II.  ANALYSIS

Defendants seek summary judgment on Plaintiff's claims for injunctive relief under §§ 7402, 7408, and 6701 of the Internal Revenue Code on the basis that the relief Plaintiff seeks is outside the scope of the law.  (Doc. 44 at 1).

### A.  Injunctive Relief Under Section 7402

Section 7402(a) provides remedies that are "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws," "encompasses a broad range of powers necessary to compel compliance with the tax laws," and provides the Court with the authority to fully enjoin the operation of defendants' businesses.  *U.S. v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984); 26 U.S.C. ("I.R.C.") § 7402(a).

Section 7402 is the result of Congress's "intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. U.S.*, 243 F.2d 378, 384 (1st Cir. 1957); *U.S. v. Gibson*, 105 A.F.T.R.2d (RIA) 1572, 2010 U.S. Dist. LEXIS 27831 at *10 (E.D. Mich. 2010); *U.S. v. Brier*, 2010-2 U.S. Tax Cas. (CCH) P50,715, 2010 U.S. Dist. LEXIS 121976, at 43-48* (D. R.I. 2010).

This includes issuance of injunctions as may be "necessary or appropriate for the enforcement of the internal revenue laws." I.R.C. § 7402(a); *U.S. v. First National City Bank*, 379 U.S. 378, 380 (1965); *U.S. v. Hendrickson*, 2008 U.S. App. LEXIS 27988 at *5 (6th Cir. 2008).

Section 7402 "authorizes the fashioning of any appropriate remedy without enumerating the ways in which the revenue laws may be violated or their intent

3

thwarted." *U.S. v. Bailey*, 789 F. Supp. 788 (N.D. Tex. 1992); *U.S. v. Kaun*, 633 F. Supp. 406, 409 (E.D. Wis. 1986) (aff'd on other grounds, 827 F.2d 1144) (7th Cir. 1987) ("By its very terms, § 7402 authorizes the federal district courts to fashion appropriate, remedial relief designed to ensure compliance with both the spirit and the letter of the Internal Revenue laws – all without enumerating the many, particular methods by which these laws may be violated or their intent thwarted.").

Section 7402 thus "goes beyond merely codifying a district court's general equity power to grant injunctions" and "gives the district courts a full range of powerful tools to ensure the enforcement of both the spirit and the letter of the internal revenue laws," and "there need not be a showing that a party has violated a particular Internal Revenue Code section in order for an injunction to issue." *U.S. v. Moser*, 2005 U.S. Dist. LEXIS 28256, at *15 (D. Haw. 2005); *Ernst & Whinney*, 735 F.2d at 1300; *see also U.S. v. Ekblad*, 732 F.2d 562 (7th Cir.1984).

Given this wide scope, Section 7402 grants district courts the authority to enjoin the operation of businesses that interfere with the administration of the Internal Revenue laws if such injunction is appropriate. *Brier*, 2010 U.S. Dist. LEXIS 121976 at *43-48 (enjoining tax preparers and operation of numerous tax preparation businesses under § 7402); *Gibson*, 2010 U.S. Dist. LEXIS 27831 at *10, 15-16 (E.D. Mich. 2010) (enjoining defendant and defendant's companies under § 7402(a) from preparing federal tax returns); *see also Ernst & Whinney*, 735 F.2d at 1300 (enjoining defendant pursuant to § 7402 from acting as a tax adviser); *U.S. v. Pugh*, 717 F. Supp. 2d 271, 300-303 (E.D.N.Y. 2010) (holding the "power to permanently enjoin defendants from acting as

4

federal tax preparers falls within the authority granted to this court under I.R.C. § 7402(a)"); *U.S. v. Dove*, 2010 U.S. Dist. LEXIS 141445 at *5-6 (N.D. Ill. 2010) (enjoining defendant under § 7402 from "preparing federal income tax returns"); *U.S. v. Buddhu*, 2009 U.S. Dist. LEXIS 39882, at *15-16 (D. Conn. 2009) (enjoining defendants from preparing taxes under § 7402).

The public interest is served by maintaining the integrity of the federal tax system and insuring that the proper taxes are collected. *U.S. v. Ogbazion*, 2012 U.S. Dist. LEXIS 136016 at *9 (S.D. Ohio) (citing *Bull v. U.S.*, 295 U.S. 247, 259 (1935)). The public interest is also "served when fraudulent and misleading commercial practices are stopped." *Id*.

Here, the Government proffers evidence that Defendants have sold fraudulent loan products, assisted with and promoted the filing of false tax returns using paycheck stubs, lied and encouraged others to lie to government agents, and required franchisees to charge customers phony and exorbitant fees. (Doc. 51-1 at ¶¶ 24, 33-35, 43-44, 60-63, 70-71, 74) If proven at trial, this conduct would constitute "fraudulent and misleading commercial practices" and would be subject to permanent enjoinment.

Accordingly, Defendants have not met their burden of proving there is no genuine issue of material fact as to whether Plaintiff is entitled to an injunction preventing the further operation of Defendants' business under § 7402.

5

### B. Injunctive Relief Under Section 7408

26 U.S.C. 7408 gives Plaintiff the authority to seek an order "to enjoin any person from further engaging in specified conduct." 26 U.S.C. 7408(a). Specifically, if the Court finds: "(1) that the person has engaged in any specified conduct, and (2) that injunctive relief is appropriate to prevent recurrence of such conduct, the court may enjoin such person from engaging in such conduct or in any other activity subject to penalty under this title." 26 U.S.C. 7408(b). "Specified conduct" is defined as "any action, or failure to take action, which is (1) subject to penalty under section 6700, 6701, 6707, or 6708, or (2) in violation of any requirement under regulations issued under section 330 of title 31, United States Code." 26 U.S.C. 7408(c).

In this case, the Government has alleges that Defendants have engaged in conduct that violates 26 U.S.C. 6701. Section 6701 provides:

> (a) Imposition of penalty.  Any person –
>
> (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,
>
> (2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and
>
> (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,
> shall pay a penalty with respect to each such document in the amount determined under subsection (b).
>
> * * * *

6

(c) Activities of subordinates.

(1) In general.  For purposes of subsection (a), the term 'procures' includes –

(A)  ordering (or otherwise causing) a subordinate to do an act, and

(B)  knowing of, and not attempting to prevent, participation by a subordinate in an act.

(2) Subordinate.  For purposes of paragraph (1), the term 'subordinate' means any other person (whether or not a director, officer, employee, or agent of the taxpayer involved) over whose activities the person has direction, supervision, or control.

Thus, in order to prove a violation of § 6701, Plaintiff must show that Defendants: (1) "aid[ed] or abett[ed] with respect to a tax document," (2) had "knowledge such tax document may be used in a material matter under the internal revenue laws," and (3) had "knowledge an understatement of another's tax liability will result if so used." *Mattingly v. U.S.*, 924 F.2d 785, 787-88 (8th Cir. 1991).

1. **Liability Under Section 6701(a)(1)**

Defendants assert that none of the conduct alleged in the Complaint qualifies under § 6701(a)(1) because they "are not tax preparers" and § 6701 only applies "to those entities that either physically prepare taxes and give tax advice directly to customers." (Doc. 44 at 5).

The purpose of § 6701, however, is to penalize anyone, including non-preparers, "who aid others in the fraudulent underpayment of their tax" and "lead" others "into fraudulent conduct." *Mullikin v. U.S.*, 952 F.2d 920, 928 (6th Cir. 1991) (quoting S. Rep. No. 97-494).  The provisions of § 6701 are not limited to activities such as direct involvement in filling out individual tax returns.

"Aid," "assistance" and "advice" by non-preparers in violation of § 6701 (and, in turn, subject to injunction under § 7408), includes training or instructing others to illegally understate income, as well as recruiting customers, delivering customer information to return preparers, and disseminating tax refunds with the knowledge that understatement of income or fraudulent tax refunds will result or have already occurred. *See e.g., U.S. v. Preiss*, 2008 WL 2413895, *5 (M.D.N.C. 2008) (enjoining individual under § 7408 who, while not directly involved in preparing fraudulent tax returns, violated § 6701 by recruiting customers, distributing refunds, as well as other aid and assistance); *U.S. v. Hansen*, 2006 WL 4075446, *11 (S.D. Cal. 2006) aff'd, 277 Fed. Appx. 629 (9th Cir. 2008) (finding § 6701 violation and granting § 7408 injunction for aiding and assisting others to prepare returns that understate tax liability by providing sample tax returns and instructions on a website).

Similarly, the preparation of any document, not just a "tax document," may violate § 6701 and warrant an injunction under § 7408. Advertisements, marketing and training materials, and draft correspondence to the IRS qualify as advice, aid or assistance to tax return preparers or individuals who self-prepare tax returns. *See e.g.*, *U.S. v. Conces*, 2006 WL 1402198, *3 (W.D. Mich. 2006) (finding violation of § 6701 to justify an injunction under § 7408 given defendants' authorship of, *inter alia*, promotional materials and "fill-in-the blanks" letters to the IRS used as part of tax evasion scheme); *U.S. v. Kotmair*, 2006 WL 4846388, *6 (D. Md. 2006) (issuing § 7408 injunction for violation of § 6701 by preparing improper draft correspondence to the IRS); *U.S. v. Cohen*, 2005 WL 1491978, *5 (W.D. Wash. 2005) (holding that promotional materials, in

8

conjunction with tax fraud products sold on a website, violate § 6701 and warrant injunction under §§ 7402 and 7408) (citation omitted).

Defendants admit that they provide multiple forms of advice, aid and assistance to their franchisees. (Doc. 44- 2). Indeed, evidence exists in the record to suggest that in the past Defendants have instructed their franchisees to prepare and file tax returns based on customer paystubs and to conceal the practice from government investigators and that Defendants provided franchisees with documents containing false information regarding paystub filing. (Doc. 51- 1 at ¶¶ 60-63, 70-71, 74). If proven at trial, these facts would evidence violation of § 6701(a)(1) and would support an injunction under § 7408 (and § 7402).

### 2. Liability Under Section 6701(c)

As to liability under § 6701(c), the sample franchise agreement submitted by Defendants outlines their extensive control over franchisees. (Doc. 44-2). Section 13 addresses Defendants' control over advertising, and Section 7 describes Defendants' control over: the specific physical layout of stores; mandatory staffing by individuals "who ha[ve] completed our then-current initial training program to our satisfaction"; mandatory dates of operation and minimum hours for stores; and the "right to require [franchisees] to obtain any product or service ... from us, our Affiliates, or suppliers approved by us," including "Bank Products." Thus, Defendants dictate terms and conditions to franchisees. (Doc. 51-1 at ¶ 29). Accordingly, there is evidence present upon which a fact-finder could find liability for a subordinate, thereby precluding entry of summary judgment for Defendants.

9

Finally, Defendants admit that they have owned tax preparation stores in the past, and, in fact, currently do own tax preparation stores. (Doc. 44-1 at ¶¶ 6-7, 38). The fact that Defendants currently own tax preparation offices contrasts with their assertions that all ITS stores "are independent businesses."

Moreover, there is no statute of limitations under § 6701 or § 7408 (or § 7402). Defendants cannot shield themselves from § 6701(c) liability by claiming that any illegal activities that took place at offices they previously owned is old conduct and irrelevant or by blaming that conduct on subordinates. *See* I.R.C. §§ 6701, 7408; *see also Mulliken*, 952 F.2d at 929.

### 3. Liability Under Section 6701(a)(3)

As to liability under § 6701(a)(3), summary judgment "generally is inappropriate for issue[s] of scienter, knowledge and intent," especially against a non-movant, given that the Court should "resolve all reasonable doubts in the [government's] favor." *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir. 1996) (citation omitted); *Carlson*, No. 2011 WL 6153207 at *2.

Defendants do not deny that they encouraged their franchisees to prepare and file tax returns prematurely with paycheck stubs that omit or understate income or that they knew that understatements inevitably result from such paystub filings. (Doc. 51-1 at ¶¶ 60-63). Defendants' statement that understatements of tax liability will "not necessarily result" from paystub filing does not constitute a denial that paystub filing can and does result in understatements on tax returns.

10

The Government does not claim that every single instance of filing a paystub return necessarily results in an understatement, but rather that when tax preparers engage in the practice of preparing and filing tax returns using paystubs, it inevitably results in the submission of tax returns that have understatements and other inaccuracies.  Evidence exists in the record to suggest that Defendants knew that paystub filing was inaccurate and would result in inaccurate tax returns, including the understatement of customer income.  (Doc. 51-1 at ¶¶ 61- 62).  This element of knowledge can only be ascertained at trial – not upon summary judgment.

The Court does notes that in response to discovery seeking to determine the extent of Defendant Ogbazion's knowledge of illegality at Instant Tax Service, including under § 6701, Ogbazion asserted the Fifth Amendment and declined to answer.  (Doc. 51-1 at ¶ 80).  Certainly Ogbazion cannot choose to remain silent and simultaneously claim that he is entitled to summary judgment with respect to the issue of his scienter under § 6701.

### 4. Risk of Recurring § 6701 Violations

A trial court's determination whether a § 7408 injunction is necessary to prevent recurrence of § 6701 violations "is a fact sensitive determination."  *U.S. v. Kapp*, 564 F.3d 1103, 1112 (9th Cir. 2009); *see also U.S. v. Stover*, 650 F.3d 1099, 1112 (8th Cir. 2011) (risk of recurrence is "based on the totality of circumstances").  Here, among other things, Defendants' scienter remains in dispute.  Moreover, future violations could conceivably be anticipated given Defendants' occupation, as they remain franchisors and admit to providing training, marketing, and business support to franchisees.

Ultimately, *in toto*, Defendants have not met their burden of proving there is no genuine issue of material fact as to whether Plaintiff is entitled to injunctive relief under § 7402 and/or §7408 (for § 6701 violations), including, potentially, the business death penalty.

## V. CONCLUSION

For the reasons stated, Defendants' Partial Motion for Summary Judgment (Doc. 44) is **DENIED**.

Trial to the Court shall commence on Monday, May 20, 2013, at 9:00 a.m., in Cincinnati.

**IT IS SO ORDERED.**

Date:　April 22, 2013　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge